## CAMPBELL & BRO. v. AYRES.

1. WITHDRAWING DEMAND. There is no rule of law prohibiting the withdrawal, by the plaintiff, before the commencement of the trial, of a part of the demand sued on, unless it is within the scope of the restriction provided by sections 1801–'5, Code of 1851.
2. PROMISSORY NOTE: ACTION. *Quere.* When a note has been transferred to a purchaser for a consideration, with specific representations in regard to it, by the payee, after it has been paid by the maker, the remedy of such purchaser is by an action on the representations.
3. SAME: CONSIDERATION. When a note is transferred, by the payee, for a consideration, by delivery, without endorsement or special representations, and after payment by the maker, the purchaser may recover from the payee in an action for the consideration.
4. SAME: FRAUD. If the transfer was made fraudulently by the payee, the purchaser may waive the fraud and proceed by action for the consideration.
5. SAME: RETURN OF THE NOTE. The rule that the purchaser cannot recover in an an action for the consideration before placing the payee in *statu quo* by a return of the note, does not apply when it appears that the note had been paid when it was transferred.

*Appeal from Polk District Court.*

FRIDAY JUNE 17.

The plaintiffs sued the defendant before a justice of the peace, upon an account containing two items of demand. One was for a yoke of oxen and a yoke, sold and delivered

defendant—$80, and interest, $11.   The other item was for costs incurred in a suit against B. Post, upon a note "traded" to plaintiffs by defendant, and by him represented as unpaid, when in fact it had been paid and discharged, $7,60.   The plaintiffs recovered before the justice, and the defendant appealed.   The other material facts are sufficiently stated in the opinion of the court.

*Cole & Jewett*, for the appellant.

*Bates & Phillips*, for the appellees.

WOODWARD, J.—In the District Court, the plaintiffs, before the trial commenced, withdrew the second item in their account from the consideration of the court and jury; and the permission of this by the court, is assigned as the first error. There is no rule of law which forbids a plaintiff withdrawing a part, or all, of his demand, save as the right is qualified in the Code, (sec's 1801 to 1805,) and the action in this case, did not conflict with those provisions.

Other errors assigned, are to certain instructions given at the request of the plaintiffs, the substance and effect of which was, that if the jury were satisfied, that the defendant traded to plaintiffs a promissory note, for the oxen and yoke; and that the note, at the time it was so traded, had been paid off and discharged by the maker, then the plaintiffs would be entitled to recover the value of the cattle and yoke.   On the other hand, the defendant requested the court to instruct the jury, that if they found that the note, introduced by the plaintiffs as evidence, was given by defendant to plaintiffs, in payment for the oxen, the plaintiffs could not recover in this action, but must sue upon the contract of transfer of the note; both of which the court gave, with this qualification, unless they believe that the note was paid off at the time the same was traded by defendant to plaintiffs.   To the giving of the first of these, and to the qualification of the second, the defendant excepted.   There was no error in these instructions.   If the defendant passed the note to the plaintiffs in

payment for the cattle, and, at the time, it had been paid, it was like passing a spurious bank bill. It was not what it purported to be, a valid, existing promise. If there were any specific representations as to it, at the time of passing, we are not prepared to say that the plaintiffs must not resort to an action on those, but it is not made to appear that there were any such. It is not shown how the note was transferable, or how it was transferred. It may have passed by delivery, without indorsement, and without special representations, and in such case, the plaintiffs had a right to sue upon the original consideration. Even if there were fraud, they may waive it.

The defendent further requested the court to instruct the jury, that unless they believed that plaintiffs either returned, or offered to return, the note on B. Post, traded for the oxen, they could not find for the plaintiffs, as they could not retain the note and recover for the oxen sold. This was refused. This would be correct, under ordinary circumstances, but taking into consideration the evidence which appears in the case, tending to show that the note had been paid off when sold to plaintiffs, and the court could not justly give the instruction.

The error assigned in relation to the admission of Post as a witness, cannot be considered, since such does not appear as a fact, nor is the release, with which it is connected, nor the note, made a part of the bill of exceptions. And these things, or some of them, are connected with another instruction asked by the defendant. This was, that if the jury believed that plaintiffs, while holding the note delivered by defendant in payment for the oxen, executed a full release to B. Post, the maker of the note, they have thereby prevented defendant from ever recovering on the note, and they cannot recover in this action, inasmuch as they cannot place defendant in *statu quo*. This release is not made a part of the bill of exceptions, so that we may know what it was, and as a part of the case indicates that it may have been a release as a witness, and not upon the note properly, whilst

the case assumes the existence of evidence showing that the note was paid, we cannot say that the court erred in refusing this instruction. The defendant's bill of exceptions is not sufficiently full, to meet the demands of his assignment of error and his argument.

The same party also moved in arrest of judgment and for a new trial, for the matters above referred to; that is, the instructions given and refused; the admission of improper testimony; the admission of B. Post as a witness; and because the verdict was contrary to the law and the evidence. The bill of exceptions gives none of the evidence, and no facts, by which these questions may be tried.

We have deferred until this time, a portion of the considerations urged by defendant's argument upon the first error assigned, namely, that relating to the withdrawal, by the plaintiffs, of part of their claim, which was for costs incurred in a suit on a note against B. Post. This was that it might be the better understood, after viewing the other questions. The defendant argues that that portion of the plaintiffs' account which was withdrawn, was conclusive evidence that a promissory note had been traded to plaintiffs by defendant for said oxen; that plaintiffs had tried to collect said note from the maker, B. Post, and had failed, which would have prevented a recovery by plaintiffs, without a return, or an offer to return, the note; and that where fraud is claimed in the sale of property, the vendee cannot sue on the original consideration, without returning, or offering, the property, and thereby placing the party *in statu quo*. This proposition is correct, as a general rule; but if the note had been paid, and had thus become a nullity and valueless, it has no place—the rule does not apply. Then, that the defendant should desire in evidence, the facts which he says were proved by that part of the account, is matter of surprise. It was the plaintiffs who had need to show that they had tried to collect the note so passed to them, and had failed. This, with the fact that they failed because the note had been paid, which the evidence tended to prove, would create a

state of case desirable to the plaintiffs, and not to the defendant, and it was upon the evidence as tending to this, that the instructions of the court were based. The withdrawal, therefore, did not prejudice the defendant. There was no difficulty in getting those facts into the case, if the defendant desired them, for the plaintiffs' case depended upon them.

There appears to be no error in the proceedings, and the judgment of the District Court will be affirmed.