Snyder v. Reno.

REVERSED.

SNYDER v. RENO.

1. **Pleading**: VARIANCE: SALE. Where, in an action to recover for certain promissory notes which had been proved in a former action to have been forgeries, the petition alleged a *sale and transfer* of them, and the proof showed that they were bartered for a stock of goods, it was *held* no variance under Section 2996 of the Revision.

2. **Sale of personal property**: WARRANTY: PROMISSORY NOTES. The general rules governing sale and barter being the same, defendant could suffer no prejudice from an instruction which charged the jury that if he sold the notes for promissory notes, he warranted them to be genuine.

3. ———: ———. The transferrer for value of a promissory note impliedly warrants it to have received no material alteration prior to such transfer.

4. **Evidence**: WRITTEN MEMORANDUM: COMPETENCY OF. A writing, which recited that defendant had sold certain notes to plaintiff, although not executed by defendant nor accepted by plaintiff when defendant offered it to him, was competent as an admission inconsistent with his claim that he had nothing to do with the notes and that they were transferred by another party.

5. **Warranty**: BREACH OF: BURDEN OF PROOF. To entitle a warrantee of promissory notes which have been proved forgeries in an action to recover upon them, to the costs of such litigation, he must show, in the absence of notice of the litigation to the warrantor, that the expense was reasonably necessary and incurred in good faith. If the warrantor have notice, the burden of proof is on him to show it was needlessly incurred.

6. **Evidence**: RECORDS OF COURT: MEASURE OF DAMAGES. As a basis for the recovery of the costs in such a suit, the records of the court are admissible.

7. ———: ———: FORGERY: NOTICE. If defendant had notice of the suit and permitted it to proceed without restoring the consideration received, the record of the court is competent, though not conclusive, evidence of forgery.

8. **Promissory notes:** FORGERIES: RETURN OF NOTES. An offer to return notes proved to have been forgeries is not essential to the right to recover from the party who sold them.

*Appeal from Iowa Circuit Court.*

THURSDAY, JUNE 4.

THE first count of the petition alleges that on the first day of May, 1869, the defendant representing that he was the owner of a note for $120, executed by Abner Eldridge and W. H. Davidson, sold and transferred the same for value to the plaintiff, whereby he undertook and agreed that he had title to said note, that it was genuine, and had been executed by the parties whose names purport to be signed thereto, whereas in fact defendant had no title thereto; it never had been executed, but was a forgery and wholly valueless; wherefore the defendant, by reason of his undertaking, became liable to plaintiff in the sum of $200.

The second, third, fourth, and fifth counts of the petition contain like allegations respecting two notes executed by Joseph Nelson, one note executed by Francis Thorne, and one executed by H. Dayton.

The sixth count of the petition alleges that the plaintiff proceeded to collect said notes by legal process, and, having failed therein because the notes were forgeries, was put to cost and expense in the sum of $460, for which judgment is asked. The defendant denies that he sold or tranferred the notes in question to plaintiff, and as to the institution of suit thereon, and its results, he alleges that he has not information sufficient to form a belief. Jury trial. Verdict for plaintiff for $1,146. Motion for new trial overruled upon plaintiff's remitting the sum of $210 of the verdict as excessive. Judgment for $936 and costs.

Defendant appeals. The further material facts are stated in the opinion.

*Clark & Haddock* and *Hedges & Murphy*, for appellant.

*John Miller* and *Fairall, Boal & Jackson*, for appellee.

DAY, J.—I. Evidence was introduced at the trial tending to show that McNorton traded real estate valued at $4,100, in part payment to plaintiff for a stock of goods which invoiced about $6,000.

That McNorton was indebted to Reno, and that it was agreed Reno should take the stock of goods from McNorton, and pay plaintiff the purchase price above the value of the real estate.

That Reno, in part payment of said balance, transferred the notes in question to plaintiff.

The plaintiff having rested his case, the defendant filed a motion to exclude his testimony upon the ground in various forms stated, that the said testimony is not pertinent to any issue in the case.

The court overruled this motion, and defendant excepted. The evidence being closed, the defendant requested the court to give the following instruction:

"The plaintiff's action as stated in his petition in this case, consists in the allegations in substance that the defendant, pretending to own the promissory notes in question, sold and transferred the same to the plaintiff for value, thereby undertaking and warranting the said notes to be genuine. That they were in fact forgeries as to the supposed makers, whose names appear thereon, and the plaintiff claims to recover the amount appearing payable by the face thereof with costs and expenses of litigation in attempts to recover of the various makers. The cause of action so alleged is not supported by proof of mere delivery of said notes in part payment of a stock of goods purchased by defendant of plaintiff, if the testimony has so shown, and in absence of a written warranty of the paper, and in absence of fraud." The court refused to give this instruction. Defendant assigns these rulings as error.

Appellant's argument states his position as follows:

The action of the plaintiff   *   *   cannot well be misunderstood. He alleges precisely a sale by defendant of the notes in question, in the ordinary course of the sale and transfer of negotiable paper.

1. PLEADING: variance: sale.

The petition set forth a good cause of action, if true, and

was therefore neither exposed to demurrer nor to motion in arrest of judgment. One material ground of appeal is that the case so made was wholly unsupported by the testimony; in other words, the action brought is upon the sale of forged notes by the defendant, while the case tried and upon which recovery is had wholly relates to the sale of a stock of goods by plaintiff to defendant, in which the former recovered for a balance of purchase money unpaid."

The evidence does not prove a technical sale of the notes. A sale is a transfer of the absolute title to property for a certain agreed price. Story on Sales, section 1. The price must be in money or its negotiable representative. If one article be exchanged for another, a barter is made, but not a sale.

The difference, however, is merely technical, for both transactions are governed by the same general rules of law. Ibid., section 218. The petition it will be observed alleges that the defendant did sell the notes, which in itself includes the idea of a transfer of them, and that he did for value, in due course of business transfer them to plaintiff. Now whilst it may be admitted that the evidence does not, in its technical sense support the allegation of sale, it is clear that it does support the allegation of a transfer for value. Hence the evidence does correspond with the allegations under section 2996 of the Revision, which provides that "if a party state more facts, or a greater title or estate than is necessary to entitle him to the relief claimed, and such facts, estates or title be denied to the full extent, he shall not be compelled to prove more than is necessary to constitute a claim to the relief prayed, or to any lower degree of relief included in the relief prayed."

The court did not err, therefore, in the rulings above considered.

II. It is claimed that the court erred in submitting the case to the jury under the theory that the transaction proved 2. SALE of personal property: warranty: promissory notes. constituted a sale, as, for instance, in the first instruction, the court directed the jury that "if they found that defendant sold and delivered any of the said promissory notes to plaintiff, by selling the same as and for promissory notes, in law he warranted them to be genuine

and not forged or fictitious." The same idea of sale was conveyed in other instructions.

If this language of the court was not strictly accurate, it is clear that it worked the defendant no substantial prejudice. We have before seen that the general rules of law governing a sale, and an exchange of one commodity for another are the same.

The transferrer of a note by delivery, whether the consideration be money or merchandise impliedly warrants the genuineness of the signature of the maker, and, if the jury, under the instructions, found a sale instead of an exchange, they found a fact which does not increase or vary the liabilities of the defendant. See Parsons on Notes and Bills, chapter 2, section 2, and cases cited.

III. The court gave the following instruction:

" And if you further find from the evidence that the said notes, or either of them, were forgeries, that is, the persons whose names were written thereto as makers, never signed their names and never authorized or assented to their names being written thereto, or that the said notes after being signed were materially changed or altered, and before April 30, 1869, then the defendant is liable on his warranty of title for the cash value of those which were forgeries, and you should so find."

Appellant maintains that so much of this instruction as recognizes the doctrine that the defendant is liable if the notes were materially changed, after their execution, and before their transfer, is wrong.

Such material alteration, however, is forgery, both at common law and under our statute. See 2 Wharton's Criminal Law, § 1418; Revision of 1860, § 4253. And we have no doubt that there is an implied warranty of the transferrer that there is no such defect in the instrument, as well as that the signature of the maker is genuine. See Parsons on Notes and Bills, Chapter 2, § 2, and cases cited.

IV. The plaintiff claims that the defendant transferred the notes to him in part payment for the goods, whilst the defendant insists that he had nothing to do with the notes, but that

they were transferred by McNorton. The plaintiff offered in evidence a paper as follows: " May 1st, 1869. Know all men by these presents, that I, L. Q. Reno, have this day sold to M. Snyder, of Brooklyn, Poweshiek county, Iowa, notes of hand on the following named parties to-wit: Abner Eldridge and Wm. H. Davidson, for $120; Wm. Brown, for $120; Joseph Nelson, for $120; Joseph Nelson, for $120; all in Muscatine county, state of Iowa; and J. M. Williams, for $120; H. Dayton, $120; Francis Thorne, in Washington county, $120." Plaintiff testified that this paper contains a list of the notes taken, except two, and that it was handed to plaintiff by defendant after dinner, on the day trade was effected, and that plaintiff refused to accept it.

*3. EVIDENCE: written memorandum: competency of.*

Defendant objected to the introduction of this paper on the grounds that it was not executed by Reno, and was not accepted, and that it is not material to the issues. The court overruled the objection, and this action is assigned as error.

We think it was properly admitted. Though it was not signed by defendant, and is not proved to be in his handwriting, yet if he offered it to plaintiff he made thereby an admission inconsistent with his present claim that he had nothing to do with the notes, and that they were transferred by McNorton.

V. The defendant assigns as error the giving of the following portion of the fourth instruction: " If you find that the plaintiff, in order to collect said notes or either of them, after they became due, instituted suits against the parties purporting to be makers thereof, and was defeated therein because said notes, or some of them, were not genuine, then you should further allow to the plaintiff in your verdict the amount, if anything, which plaintiff has shown you he became liable to and paid to said defendants in the collection suit as costs, lawfully adjudged against him, with six per cent from the date of the payment, which you will compute and assess, but you must not include attorney's fees as a part thereof."

*4. WARRANTY: breach of: burden of proof.*

Appellant claims that the rule of recovery which allows

costs of litigation against the warrantor applies only to the case of an express warranty of quality. It is not, as we understand, so limited. It applies as well to the case of an implied warranty of title; Sedgwick on Measure of Damages, marginal pages 293-4, and cases cited. And we see no distinction in principle between the liability upon an implied warranty of title and such a warranty of the genuineness of an instrument transferred.

The better doctrine, however, we think is, that in order to the recovery of the costs of the litigation, it must appear that it was reasonably necessary and conducted in good faith. If the transferee was satisfied that a note was a forgery, he would not be justified in incurring needless costs in a hopeless litigation, and if he did so he could not recover the same of his warrantor.

When notice of the litigation is given the warrantor, the burden of proof is upon him to show that the expense was needlessly incurred. But in the absence of such notice the warrantee must prove the propriety of the litigation. The plaintiff testifies that the defendant had notice of the claim of the maker, and that the notes were forged, and that the suit thereon was carried forward by his direction. This the defendant denies. The question of fact should have been submitted to the jury to determine whether under the circumstances proved the suit upon the notes had been properly instituted.

Inasmuch as this instruction holds the defendant liable for the costs incurred without regard to the propriety of the litigation, we think it is erroneous. See Sedgwick on the Measure of Damages, marginal pages 293, and 326-8, and cases cited.

VI. The records in the suits instituted by this plaintiff against the respective makers of the notes were admitted in 5. EVIDENCE: evidence, and this action of the court is assigned records of court; meas- as error. As a basis for the recovery of the costs ure of dama- ges. incurred in the prosecution of these suits, these records were admissible.

VII. The court instructed the jury that " the record of suit

and judgment between the plaintiff and the parties sued as makers on said notes, is not conclusive evidence against the defendant in this action, to prove that said notes, or any of them, were or are forgeries." Error is assigned upon the giving of this instruction. It is conceded that this instruction implies that the record is evidence of the forgery, though not conclusive against the defendant of that fact.

*6. —: —: forgery: notice.*

Whether it is evidence at all of the fact of forgery depends, it seems to us, upon the question whether defendant had notice of the suit, and permitted it to go forward, instead of restoring the consideration received. Sedgwick, Measure of Damages, marginal page 327, and cases cited. In the absence of such notice the defendant is a stranger to the controversy, and the record is not admissible against him. 1st Greenleaf on Evidence, sections 522–3.

The court therefore erred in giving this instruction.

VIII. The defendant asked the court to instruct in substance that if defendant sold and transferred the notes specified to plaintiff, and claimed to own the same, and that such notes were forgeries, that the plaintiff was bound within such period as would, under all the circumstances, be reasonable, after being informed that they were forgeries, to return or offer to return them to defendant to enable him to look to the party from whom he received them, and that such offer to return is essential to the right to recover; and that if they were not returned nor offered before suit brought, plaintiff can not recover. The court refused to give this instruction, and the defendant assigns the ruling as error.

*7. PROMISSORY NOTES: forgeries: return of notes.*

The authorities cited by appellant do not, it seems to us, support the position he maintains. *Thomas v. Todd,* 6 Hill, 340, was a case of payment in a counterfeit bank bill. It was held that, " although the bill has no intrinsic value, it should be returned to the debtor so as to enable him to trace out and fall back upon the person from whom he received it." The necessity for this in the case of a bank bill, where there may be thousands of them exactly alike except as to date and num-

ber, is quite apparent. But the same necessity, it seems to us, does not exist in the case of a promissory note which has an identity clearly distinguishable, and which does not so readily pass from hand to hand. The case of *Baker v. Robbins*, 2 Denio, 136, relied upon especially by appellant, does not seem to us to be analogous to the case at bar. In that case promissory notes had been transferred in payment of goods, and the vendor of the goods had recovered judgment on the notes. In a subsequent action by him to recover the value of the goods on the ground of fraudulent representations as to the solvency of the makers, it was held that he could not retain the notes and the judgments rendered thereon, and at the same time recover the full price agreed to be paid for the property. This case was determined in accordance with the well recognized principle that a party can not rescind a contract and at the same time retain benefits derived under it.

In determining the case the court said: "The court in this part of the case did not proceed on the ground that the notes and judgments were of no value whatever, and in holding and charging the jury that the agreement on which the notes had been received might be treated as a nullity, without making return of the notes or assigning the judgments, they committed error."

In this case the notes, if forgeries, are of no value. The case falls more nearly within the principle of *Campbell & Bro. v. Ayres*, 9 Iowa, 108, in which it was held that the rule requiring a return of the consideration received, in order to a rescission of a contract, does not apply to a note which had been paid, and had thus become valueless prior to its transfer. The court did not err in refusing to give this instruction.

For the errors noticed the judgment is

REVERSED.