## CRANDALL *v.* LYNCH.

---

Ejectment; Pleading and Practice; Discontinuance; Amendment; Appealable Orders; Evidence; War Revenue Stamps; Deed of Trust Sales; Recitals in Deeds as Evidence; Identity of Persons; Presumptions; Appeals; Questions not Raised in Trial Court.

1. A plea to a declaration in ejectment, following a plea of the general issue, and denying possession of the entire lot declared for, is unnecessary and irregular and should be stricken out; all evidence admissible upon the question of possession and the extent thereof being admissible under the plea of the general issue.
2. Discontinuance at the trial of a count for *mesne* profits in a declaration in ejectment, is not an amendment of the declaration within the meaning of the act of Maryland of 1785, Chapter 80.
3. Amending a pleading at the trial does not entitle the opposing party to a continuance of the cause, but only to a postponement for such reasonable time within the discretion of the trial court as will enable him to prepare for trial on the amended pleading,

and the exercise of such discretion on the part of the trial court is not reviewable on appeal; *construing* act of Maryland of 1785, Chapter 80, providing that "in all cases where amendments are made, the adverse party shall have time allowed him, in the discretion of the court, to prepare to support his case upon the state of the proceeding so amended."

4. Where, in ejectment, the plaintiff offers a deed in evidence as part of his chain of title and the defendant thereupon asks the subscribing witness when the deed was made, stating that he makes the inquiry only to show that the grantee and not the grantors affixed and canceled the war revenue stamps on the deed, and that they were affixed on the day of the date of the deed when it was offered for record, and disclaiming any purpose to offer evidence of bad faith or other attempt to evade the revenue law, the trial court properly sustains an objection to the question.

5. Where, in ejectment, the plaintiff claims as purchaser at a deed of trust sale and as grantee of the trustees under the deed of trust, an objection by the defendants to the admission in evidence of the deed of trust, so far as the recitals therein are sought to be used as evidence *per se* against them, but not specifying any particular recitals, is properly overruled, the question not being whether the trustees had strictly conformed to the terms and conditions of the trust but whether their deed conveyed the legal title to the plaintiff.

6. In ejectment, where the plea of the general issue has been pleaded, it is not necessary for the plaintiff to prove his prior possession of, and actual eviction from, the land involved, as laid in the declaration, it being a necessary implication of law that the person in wrongful possession ousted the plaintiff.

7. Where the plea of the general issue has been pleaded in ejectment, it is incompetent for the defendant to raise the question of the right of possession of the plaintiff as against the defendant to any particular portion of the lot declared for, the plea of not guilty putting in issue the right of the possession to the whole of the premises declared for.

8. Where, in ejectment, the question of the identity of certain parties was not raised in the lower court such question cannot, under Rule 5 of this court, be raised here for the first time.

9. In the absence of circumstances to rebut the inference that arises from an identity in respect to the names, and in tracing titles, and in legal proceedings, identity of name is *prima facie* evidence of identity of persons.

10. This court will not, on an appeal by the defendant, in an action of ejectment, consider an assignment in error to the effect that the plaintiff failed at the trial to show that he and the defendant

derived title from a common source, where such question was not raised in the court below, especially where there is some proof in the record tending to show that the defendant was in possession of the premises under the same person through whom the plaintiff derived title.

No. 1178. Submitted April 8, 1902. Decided May 6, 1902.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia, entered upon a verdict for the plaintiff, directed by the court in an action of ejectment.                                    *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. Thomas M. Fields* for the appellants.

*Mr. Ralph P. Barnard, Mr. Guy H. Johnson,* and *Mr. Arthur A. Birney* for the appellees.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

The appeal in this case is taken from a judgment rendered in an action of ejectment brought by the appellee, Catharine J. Lynch, against the appellants, Milton R. Crandall and Lena Crandall, his wife, to recover lot No. 44 in Saunders and Griffin's subdivision of the east part of square No. 617, and the improvements, consisting of dwelling No. 33 N street, northwest, in the city of Washington. The plaintiff claims the premises as purchaser at a foreclosure sale under a deed of trust made by Katharina Smith, on October 24, 1894, to Henry H. Bergmann and Frank P. May, as trustees, by whom the sale was made. The sale was made on the 12th day of October, 1900, but prior to that time Katharina Smith had died, and the defendants, the daughter and son-in-law of the deceased, were, and have remained, in possession of the premises.

By the declaration the plaintiff declares for lot No. 44 in Saunders and Griffin's subdivision of the east part of the

square No. 617, in the city of Washington, as said subdivision is recorded in one of the records of the office of the surveyor of the District, together with the improvements thereon, etc., " in which real estate the plaintiff claims the fee simple title, and of which she, the plaintiff, was lawfully possessed on, to wit, the 10th day of November, 1900, when the defendants entered the same and unlawfully ejected the plaintiff therefrom, and unjustly detain the same from the plaintiff. And the plaintiff claims the possession of said lot, with the improvements," etc.

To this count in ejectment for the premises was added a second count for *mesne* profits, with interest. But this second count, after the case was taken up for trial and the jury sworn, was, by leave of the court, discontinued by the plaintiff, and the question for trial was thereby confined to the right of the plaintiff to recover upon the first count.

The defendants pleaded the general issue of not guilty, and also a plea that they were not, at the time of the institution of the suit, nor since, in possession of the premises claimed in the declaration. This latter plea, denying possession of the entire lot declared for, was not only unnecessary but irregular in practice, and should therefore have been stricken out. All the evidence admissible upon the question of possession and the extent thereof was admissible under the general issue, and therefore the second plea was wholly unnecessary. It does not profess to be a disclaimer of the right to the possession of any part of the premises described in the declaration, nor does it in any manner propose to narrow the defense to only a part of the premises claimed, but simply denies the fact of possession as to the entire premises declared for;— a defense fully embraced by the plea of the general issue. The trial resulted in a verdict and judgment for the plaintiff for the whole lot and premises as described in the declaration. The defendants took exceptions to certain rulings of the court, and have appealed from the judgment.

Many errors are assigned in brief of counsel, but only a few questions have been seriously pressed in argument.

1. At the opening of the trial, the plaintiff moved for and obtained leave to, and did, discontinue the second count of her declaration, that is, the count for *mesne* profits; and thereupon the defendants moved for *a continuance* of the cause, because of such discontinuance of the second count; but the court overruled that motion, and the defendants excepted.

How the discontinuance of the second count of the declaration for an entirely distinct cause of action from that declared for in the first, could furnish any reasonable ground or even a plausible pretext for insisting upon a continuance of the cause, or even for an extension of time within the term, is difficult to perceive. In the first place, the discontinuance of the count was not an amendment of the pleading of the cause to be tried, within the meaning of the Maryland act of 1785, Ch. 80. By that act, under which the right to continuance was claimed, it is provided that " in all cases where amendments are made, the adverse party shall have *time allowed him, in the discretion of the court,* to prepare to support his case *upon the state of the proceeding so amended.*"\* There was no change or amendment of the first count, and that presented the only cause for trial. At any rate, it is not a right to a continuance of the cause that is provided for, but only for such reasonable time as the court may deem necessary, if any such time be necessary, to enable the adverse party to prepare to support his case upon the state of proceeding so amended. The striking out or discontinuing the second count of the declaration, in no way changed the burden of proof or made additional proof necessary for the defense by the defendants, under the first count. But treating the discontinuance of the second count as an amendment of pleading, clearly that act created no reason or necessity for a continuance of the cause; nor did it create any reasonable ground for an extension of time to enable the defendants to prepare for trial on the first count. The matter was within

---

\* See Secs. 399–401, Code, D. C., in effect from and after January 1, 1902, as amended by act of June 30, 1902.— Reporter.

the discretion of the court, and presents no question for review. *Hughes* v. *Moore,* 7 Cr. 176; *Campbell* v. *Ayres,* 9 Iowa, 108.

2. The plaintiff gave in evidence the deed of trust from Katharina Smith to Bergmann and May, trustees, conveying the premises sued for, in trust, to secure the sum of $3,000, dated October 24, 1894; and then gave evidence of the fact that the trustees sold the lot and premises, on the 12th day of October, 1900, to Catharine J. Lynch, the plaintiff, under and by virtue of the said deed of trust; and then produced and offered in evidence a duly executed deed from Bergmann and May, trustees, dated November 9, 1900, conveying the lot and premises sued for to the plaintiff.   This deed bore on its face United States internal revenue stamps of the amount required by law, when it was produced in court and offered in evidence.   The defendants' attorney then asked the subscribing witness thereto, Cooper, when this deed was stamped, stating at the same time that he made the inquiry only with the purpose of showing that the grantee, and not the grantors, affixed and canceled the stamps, and that they were affixed in the office of the recorder of deeds, on the day of the date of the deed when it was offered for record, and disclaimed any purpose to offer evidence of bad faith, or other attempt to evade the provisions of the revenue law; but the plaintiff objected to the question proposed to be asked of the witness, and the court sustained the objection, and the deed was read in evidence.   The defendants excepted.

This objection to the deed has no merit in it whatever, in any aspect of the case.   The objection was not taken because the deed was not stamped as matter of fact, or because the alleged failure to place the stamps thereon at the proper time, and by the grantors instead of the grantee, was with intent to evade the provisions of the stamp act.   On the contrary, good faith in placing the stamps upon the deed was conceded, and all purpose of showing intention to evade the provisions of the statute was expressly disclaimed on the part of the defendants, and therefore the deed was not rendered invalid and of no effect.   The provisions of the stamp act were in no

sense defrauded or even attempted to be defrauded. The deed was stamped on the day of its date, and before any attempt was made to use it, either as evidence or otherwise. If therefore the fact sought by the question proposed to be asked the witness had been admitted, it would have been quite immaterial as to the legal effect and operation of the deed. The deed was not rendered void *ab initio* for want of a stamp; but presented the case, at most, of a deed irregularly stamped.    *Campbell* v. *Wilcox,* 10 Wall. 421; *Black* v. *Woodrow,* 39 Md. 194, 218; *Taft* v. *Simpson,* 84 N. W. Rep. 77.

3. The deed having been ruled admissible by the court, the defendants then objected to said deed in so far as the recitals therein were sought to be used as evidence *per se* against them; but the court overruled the objection and admitted the deed in evidence, and the defendants excepted.

The objection as stated in this last exception does not specify or designate what particular recitals in the deed were supposed to be objectionable, or that were sought to be used as evidence against the defendants.    The deed would seem to contain none but the usual recitals in such deeds, that is to say, the recital of the original deed of trust, the default in payment of the money intended to be secured, the sale of the trust premises by way of foreclosure, and that the grantee was the highest bidder at the sale.    But these recitals were quite immaterial to the purpose for which the deed was offered in evidence.    The prior deed from Mrs. Smith to the trustees had been given in evidence, thus showing the legal title to have been in Bergmann and May, and their deed to the plaintiff, irrespective of the recitals therein, was sufficient to convey the legal title to the plaintiff.    It is not a question whether the trustees had strictly conformed to the terms and conditions of the trust, but whether their deed conveys the legal title in the premises to the plaintiff.    Of this we think there can be no doubt.    *Williams* v. *Jackson,* 107 U. S. 478, 482; *Pierce* v. *Jacobs,* 18 D. C. 498; *O'Day* v. *Vansant,* 2 Mackey, 273.    It is clear, this exception was not well taken.

4. The plaintiff then proved that the defendants were the

daughter and son-in-law of Mrs. Katharina Smith; that the latter died before the sale to the plaintiff, and that the defendants, husband and wife, occupied house No. 33 N street, northwest, at the time of the sale to the plaintiff. Bergmann, one of the trustees, testified that the defendants requested in writing the sale to be made by the trustees under the deed of trust, which writing was produced, but not read in evidence.

The plaintiff also proved by the defendant Milton R. Crandall, that Mrs. Smith, his wife's mother, was dead, and she died before the sale to the plaintiff; that he and his wife, the defendants, occupied house No. 33 N street, northwest, on the day of sale, and continuously down to and at the time he was testifying.

Upon the conclusion of the plaintiff's evidence, the defendants then, by the defendant Crandall, proved that said lot 44 fronts 17 feet on N street; that house No. 33 N street, northwest, is on said lot; that said house covers only the east 16 feet 2¾ inches front of said lot; that said lot has a depth of 95 feet; that the defendants were and had been in possession of only the east 16 feet 2¾ inches front by 95 feet depth of said lot; that lot 45 fronts 17.59 feet on N street; that the house on lot 45 to the west of lot 44 was 9¼ inches over on said lot 44; that both buildings were erected at the same time by him, the witness, as the builder for said Katharina Smith, who then owned both of said lots. The witness was then asked by counsel for the defendants who was in possession of the balance of said lot 44 — that is, the 9¼ inches. To this question the plaintiff objected, and the court sustained the objection, and the defendants excepted.

The testimony being closed, and, as stated in the bill of exceptions, the plaintiff not having been produced at the trial, the defendants then moved the court to instruct the jury to return their verdict for the defendants for failure of the plaintiff to prove her prior possession of and eviction from the land involved, as laid in the declaration; and they further moved the court to instruct the jury that the plaintiff could not recover more than the east 16 feet and 2¾ inches front by the depth of said lot 44, for failure to prove that the

defendants were or ever had been in possession of any other part of said lot. But both of which requests by the defendants were refused by the court. And thereupon, at the request of the plaintiff, the court directed the jury to return their verdict for the plaintiff for the whole of the premises claimed and described in the declaration; and the verdict was returned accordingly. To all of which rulings the defendants excepted.

Upon these several rulings of the court the question is raised and seriously argued for the defendants, that because the plaintiff had failed to prove *her prior possession of and actual eviction from the land involved, as laid in her declaration,* she could not recover; or, because it was not shown that the defendants were in actual possession of the $9\frac{1}{4}$ inches of lot 44, over which lot 45 appears to have been allowed to extend, that the plaintiff could, at most, only recover that portion of lot 44 covered by the house thereon, being the east 16 feet and $2\frac{3}{4}$ inches front with a depth of 95 feet and not the remaining $9\frac{1}{4}$ inches front extending back the depth of the lot.

There is no principle of ejectment law applicable in a case like the present upon which this contention can be maintained. In the law of this District fictions are abolished where the pleading is in ejectment; but the action of ejectment is not abolished, nor is there any provision in the act of Congress of June 1, 1870, abolishing the fictions of the common-law action of ejectment, that makes any other alteration in the form of the action than that it shall be commenced in the name of the real party in interest, and against the party in possession.* *Hogan* v. *Kurtz,* 94 U. S. 773, 775.

In an action of ejectment, divested of its common-law fictions, where the defendant pleads *the general issue,* it is incumbent upon the plaintiff to prove, 1st, that he had the *legal estate* in the premises, before action brought; 2d, that he had the *right of entry* at the time of bringing the suit;

---

* See Code D. C., Secs. 984–1010, in effect from and after January 1, 1902, as amended by act of June 30, 1902.— REPORTER.

and, 3d, that the defendant, or those claiming under him, were in possession of the premises when the declaration was served. Adams on Eject. 247.

But the averment of title in the declaration must be of a day subsequent to the accruing of the title of the plaintiff, as shown in evidence, and the ouster complained of must be stated as having occurred on some subsequent day. It is not essentially necessary, however, to show in evidence the accruing of the title precisely as laid. It is enough if it be shown to exist before the day laid in the declaration. And, in ordinary cases, such as the present, it is not necessary to give any proof whatever of the ouster; that is a necessary implication of law as against the party shown to be wrongfully in possession, holding against the party entitled to the present possession of the premises. *Siglar* v. *Van Riper,* 10 Wend. 414; *Den* v. *McShane,* 1 Green's Rep. 35.

In this case, the whole of lot No. 44 was conveyed by the deed from Mrs. Smith (who owned both lots 44 and 45), and was sold and conveyed by the trustees to the plaintiff. The plaintiff in her declaration claims the whole of lot 44, and the defendants pleaded the general issue, and thereby entered a denial not only of title, but of the right of possession of the whole lot 44. If it had been the purpose of the defendants to raise the question of the right of possession of the plaintiff as against the defendants, to any particular portion of the lot declared for, it was incumbent upon the defendants to narrow their defense accordingly. The plea of not guilty generally puts in issue the right of possession to the whole premises declared for by the plaintiff, and that was the issue tried. The verdict in response to that issue, simply found that the plaintiff was both legally entitled to the estate in the premises described, and to the possession thereof, as against the defendants, under the instruction of the court; and it is not perceived wherein the defendants are in any manner prejudiced by such verdict. As was said by the Supreme Court of the United States, in the case of *Greer* v. *Mezes,* 24 How. 268, 277, " each defendant has a right to take defense specially for such portion of the land as he claims, and by doing

so he necessarily disclaims any title to the residue of the land described in the declaration; and if on the trial he succeeds in establishing his title to so much of it as he has taken defense for, and in showing that he was not in possession of any of the remainder disclaimed, he will be entitled to a verdict.  *  *  *  If he pleads nothing but the general issue, and is found in possession of any part of the land demanded, he is considered as taking defense for the whole. How can he call on the plaintiffs to prove how much he claims, or the jury to find a separate verdict as to his separate holding, when he will neither by his pleading nor evidence signify how much he claims? This was a fact known only to himself, and one with which the plaintiff had no concern, and the jury no knowledge. If a general verdict leaves each one liable for all the costs, it is a necessary consequence of their own conduct, and no one has a right to complain."

There is no claim made or attempt by the defendants to show right or title to the $9\frac{1}{4}$ inches, part of lot 44, and it is not denied that this small strip is embraced in the premises conveyed to the trustees by Mrs. Smith, and afterwards sold to the plaintiff. There is therefore no justice or right to support the effort to defeat the right of the plaintiff to recover this small strip of ground,— the plaintiff having bought and paid for it. The objection urged here to defeat this recovery seems to be very much the same, and taken under similar circumstances, as that urged in the case of *Carrington* v. *Goddin*, 13 Grattan, 587, 612. That was an action of ejectment for a lot, and an objection was taken by the defendant to the recovery of the whole lot, because it appeared in proof that the defendant was in possession of, and claimed title to, only a part of the lot. In disposing of the objection the court said: "The only objection taken to the verdict under this head is, that it is for the whole lot claimed in the declaration, while the evidence shows that the plaintiff in error was in possession of, and claimed title to, only a part of the lot.  *  *  *  The plea of not guilty put in issue the title to the whole lot, and gave no notice of an intention to claim only a part. The evidence showed that the defendant in

error was entitled to the whole, and that the plaintiff in error was in possession of, and claimed title to, a part. On this evidence the jury properly rendered verdict for the premises in the declaration mentioned. At all events, if there be any error in this respect, it is not an error to the prejudice of the plaintiff in error, and therefore the judgment should not be reversed on that ground." And so we say in this case, the rulings of the court excepted to furnish no ground whatever for reversing the judgment of the court below.

5. There has also been a question made here under the rulings of the court, though it does not appear that the question was raised in the court below, as to the identity of Katharina Smith, the grantor in the deed of trust to Bergmann and May, with the Katharina Smith mentioned in the proceedings in this action; and also, as to the identity of Catharine J. Lynch, the plaintiff, with Catharine J. Lynch, the purchaser of the premises in question at the trustees' sale. But we can hardly regard these questions as seriously made. In the first place, it does not appear that any such question was in fact raised and presented for determination by the court below; and under Rule 5, of this court, no such question can be raised here for the first time. But the rule aside, there is no real foundation for such question, either in the court below or in this court. There are no circumstances in the case to rebut the inference that arises from an identity in respect to the names; and in tracing titles, and in legal proceedings, identity of name is *prima facie* evidence of identity of persons. 1 Whart. Law of Ev., Secs. 701–739; *Stebbins* v. *Duncan,* 108 U. S. 32, 46; *Horning* v. *Sweet,* 27 Minn. 277.

6. The next and last question attempted to be presented in this court is, that the plaintiff did not show that she and defendants derived title from a common source, and hence the plaintiff has not shown a sufficient title and right of possession to entitle her to recover as against the defendants. But this question, like the one preceding, does not appear to have been raised and presented for decision by the court below, and, like that question, cannot be presented here for

decision for the first time, and without being considered and passed upon by the court below. There is, however, proof tending to show that the defendants were in the possession of the premises under Mrs. Smith, the party under whom the plaintiff derived title. There are several facts and circumstances in the case that tend strongly to support that inference, and there is nothing to support a contrary inference. If the defendants desired to raise such a question, they ought to have done so at the proper time and place, and given the plaintiff a full and fair opportunity to rebut the contention.

We find nothing in the record to require the reversal of the judgment, and it must therefore be affirmed; and it is so ordered. *Judgment affirmed.*