THE FORDYCE LUMBER COMPANY *v.* EBERHARDT.

4-6146                                     146 S. W. 2d 538

Opinion delivered January 13, 1941.

*Franz E. Swaty, John M. Shackelford* and *Gaughan, McClellan & Gaughan,* for appellant.

*O. E. Gates* and *Max B. Smith,* for appellee.

McHaney, J. Appellee, an employee of appellant, Kimbrell, was injured while assisting in the unloading of a truck load of lumber on the yard of the other appellant, Fordyce Lumber Company. Kimbrell was hauling green lumber for and delivering same on the yard of his co-appellant, using his own truck and hiring his own help, for a stipulated sum per 1,000 feet. On September 27, 1939, when Kimbrell and appellee had arrived in the yard with a truck load of lumber as alleged by him, an employee of the lumber company, one, Ward, directed them where to unload same and ordered them to hurry up the unloading, or to "make it snappy," on account of other trucks which were coming in soon, and directed Kimbrell to take charge of one of the binding chains holding said lumber on the truck, and he, Ward, took charge of the other, and that they released said chains and thereby caused the lumber to fall on him and injure him severely. The answer of each appellant was a general denial with pleas of contributory negligence and assumed risk. Trial resulted in a verdict and judgment against both appellants for $1,000, from which is this appeal.

Appellant, Fordyce Lumber Company, has filed an abstract and brief which has been adopted by Kimbrell.

It is first argued that the court erred in refusing to direct a verdict for them at their request. We cannot agree with this contention, but, on the contrary, that a case was made for the jury. The complaint alleged negligence of the lumber company, acting through "its agent, servant and its foreman and vice-principal, Nelson (Nig) Ward," etc., as above set out. On motion of the lumber company the complaint was amended to insert the name of Ward. The court, at the conclusion of all the evidence, determined that Ward was not a vice-principal and refused to permit counsel in argument to mention the allegations that he was. We think it makes no difference what Ward's status was, because it is undisputed that he was a servant, agent and employee of the lumber company, engaged in checking lumber delivered on the yard and had two colored men working with him. Ap-

pellants say that Ward was not a foreman or sub-foreman, but the fact is he had these two men lifting up lumber at his direction for inspection, and, according to appellee, he did take charge of the unloading of the truck, unloosed one of the binding chains, directed Kimbrell to unloose the other and ordered them released so that the load of lumber or a part thereof fell on appellee without notice or warning breaking one of the bones in his lower right leg and otherwise severely injuring him. This evidence is strongly in dispute, but we cannot say there was no substantial evidence to sustain the verdict and judgment.

Nor can we agree with appellants that they were entitled to a continuance on account of surprise, when the court eliminated the allegation that Ward was a vice-principal of the lumber company and refused to direct a verdict. He was an employee and, according to appellee, assumed to take charge of the unloading of the truck. Whether he was a vice-principal was unimportant, if in fact he was an employee and was acting in the apparent scope of his authority, and the jury by its verdict has found that he was on disputed facts.

Complaint is also made of error in the giving of one instruction for appellee and the refusal to give one instruction requested by the lumber company, the latter declaring that Ward was not a vice-principal. We think no error was committed in these respects and that it would serve no useful purpose to set them out and separately comment on them. An examination of the instructions given show that the court fully and fairly covered the law of the case.

We find no prejudicial error, and the judgment is accordingly affirmed.