YELLOW CAB CO. OF D. C., Inc., et al. v. ROGERS.

SAME v. EKENDAHL.

Nos. 100, 101.

Municipal Court of Appeals for the District of Columbia.

Aug. 25, 1943.

---

[1] Watson v. Dunlap, D.C., Fed.Cas.No. 17,282, 2 Cranch, C.C. 14; Jones on Evidence, Civil Cases, 4th Ed., Page 320.

[2] Ibid. Page 321.

[3] See exhaustive collection of cases cited in Brannan's Negotiable Instruments Law, 6th Ed., Page 363.

Alfred M. Schwartz, of Washington, D. C. (A. Arvin Lynn, of Washington, D. C., on the brief), for appellants.

Charles H. Quimby, of Washington, D. C., for appellees.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

CAYTON, Associate Judge.

Appellees were plaintiffs below and were respectively the operator of and passenger in a private automobile which was in collision with a taxicab of appellant Yellow Cab Company, operated by the co-defendant William H. Small, also appellant here. They sued separately for their damages and the cases were tried together before a jury.

Also tried with their cases was that of one Louise Laye who was a passenger in the taxicab. She recovered a verdict which was settled before judgment and which is in no way connected with this appeal. We mention this only because she became a witness for these plaintiffs and because part of her testimony constitutes the basis for this appeal.

The collision took place early one rainy morning in October, 1942, while it was still rather dark. Plaintiffs' claim, contradicted by defendants, was that the taxicab was on the left, or wrong, side of a traffic island, and entered the intersection in question against a red traffic light.

Defendant Small being confined at the time of the trial to a hospital, gave his testimony in the form of a deposition taken some five weeks before the trial.

Reversal is sought on the ground that these plaintiffs were permitted to show by the witness Louise Laye that shortly before the collision she observed that the windshield wipers of the taxicab were not operating; and that the driver Small had stated that he was going to stop driving because the windshield wipers were not working and that he would get her another cab. This latter testimony was admitted only as to defendant Small, and the trial judge cautioned the jury that it was not binding on the corporate defendant. Defendants insist that the testimony took them by surprise because the defective condition of the windshield wipers had not been alleged as a specific ground of negligence in the pleadings and that they could not reasonably have been expected to meet that charge. They did not seek a continuance or request an opportunity to present countervailing evidence through the medium of a further deposition of Small or through other witnesses who may have examined the taxicab after the collision or have been in a position to shed light on the condition of the windshield wipers.

We think that on principle this case is governed by the very recent decision in Rabenovets v. Crossland, — U.S.App.D.C. —, 137 F.2d 675, decided June 16, 1943. There it was said: "The chief contention of appellant Rabenovets is that appellees should not have been permitted, under a complaint which charged a permanently shortened leg, to prove a pelvic tilt and spinal curvature. We need not decide whether the complaint gave adequate notice of the nature of the injuries. If it did not, appellant would have been entitled to a continuance, and we must assume that he would have obtained one on request. F.R.C.P.Rule 15(b) 28 U.S.C.A. following section 723c. *He objected to the testimony, but did not ask for a continuance. In these circum-*

*stances we are satisfied that there was no prejudicial error in admitting the testimony."* (Emphasis supplied.)

In an earlier case,[1] we pointed out that the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, do not control the practice in the Municipal Court and that while Congress, in the Municipal Court Act of April 1, 1942,[2] directed that court to make rules conforming Municipal Court practice to the federal practice, such rules have not yet been adopted and the existing rules of said court still prevail.

Consequently, we must decide this case upon the basis of present Municipal Court rules. Under its Rule 2, Section 3, plaintiff Ekendahl, asserting a Class B claim for $500 was required to file only an informal bill of particulars consisting of "a brief statement of the nature of the tort, and such further information as will reasonably inform the defendant of the nature of the case he is called upon to defend." The claim of plaintiff Rogers, being for more than $500 became a Class A suit and the initial pleading therein was governed by Rule 2, Section 8, which reads as follows: "The pleadings in all Class A cases shall be similar in form to those required by the Rules of Civil Procedure for the District Courts of the United States and by the Civil Rules of the District Court of the United States for the District of Columbia, except that Class A cases, whether in tort or in contract, shall be accompanied by a bill of particulars." This rule was adopted presumably as a stop-gap until the Congressional mandate for a new set of rules could be complied with, and to substitute for the old forms of declaration, plea, etc., a form of pleading comparable to that in the United States District Court for this District. Further than that the rule did not attempt to go.

As we view the matter neither the Class B bill of particulars nor the Class A complaint of the respective plaintiffs was required to do more than charge negligence in general terms; and this seems to have become the accepted practice in automobile collision cases.[3]

But the defense claims that having gone further and alleged specific grounds of negligence (not including failure to have windshield wipers working properly) plaintiffs were limited in their proof to those grounds and should not have been permitted to introduce evidence concerning improper functioning of windshield wipers.

It may well be that in these circumstances defendants were surprised by such evidence. On the other hand, it may be that they should not have been surprised; for they had full knowledge that rain was falling at and before the time of the collision and that the condition of windshield wipers might easily become the subject of testimony which they might have to meet.

If however it be assumed that there was inadequate notice of such claim in the pleadings or that legal surprise befell the defendants, they should not have taken their chances on the verdict of the jury, but should have sought protection by requesting a continuance in order to meet such evidence. This is no new proposition. As long ago as 1858, it was said that: "Surprise may often arise out of the offer of evidence strictly competent, and yet that circumstance has never been considered as affecting the question of its admissibility. Embarrassments of that sort, which are more or less incident to every trial, are usually remedied by motion to the Court for a postponement of the trial to a future day in the term or for a continuance."[4] In the intervening years there have been many cases holding to the same effect. We refer to a few of them.[5]

Surprise there may have been, but to entitle defendants to a new trial based upon

---

[1] Werth v. Nolan, D.C.Mun.App., 32 A. 2d 386.

[2] 56 Stat. 190, D.C.Code 1940, § 11—751 et seq.

[3] See Form 9, "Complaint for Negligence", Federal Rules of Civil Procedure, Appendix of Forms, 28 U.S.C.A. following section 723c.

[4] United States v. Holmes, 26 Fed.Cas. page 349, No. 15,382, 1 Cliff. 98, 108, 112.

[5] Strong v. District of Columbia, 3 MacArthur 499, 10 D.C. 499; Wise v. Groverman, 30 Fed.Cas., page 387, No.17,910, 1 D.C. 418, 1 Cranch C.C. 418; Crandall v. Lynch, 20 App.D.C. 73; Jacobsen v. Brown, Tex.Civ.App., 105 S.W.2d 1108; Osborne v. Victor Dairies, 138 Pa.Super. 117, 10 A.2d 129; Magnolia Petroleum Co. v. Melville, 202 Ark. 382, 150 S.W.2d 220; Fordyce Lumber Co. v. Eberhardt, 201 Ark. 690, 146 S.W.2d 538; Davis v. Millaudon, 14 La.Ann. 808; Hale v. City of New Orleans, 13 La.Ann. 499; Henderson v. Hazlett, 75 W.Va. 255, 83 S.E. 907; Kyle v. Moran, App.T., 168 N.Y.S. 686.

such surprise, they must show that they sought to escape from the detrimental position in which such surprise placed them. That they have not done so is rather plain. Consequently, in view of what we have said and in conformity with the ruling in the Rabenovets case, cited above, we hold that they are not entitled to relief at our hands.

Affirmed.