## FORSTER v. ELIOT et al.

(Court of Appeals of District of Columbia. Submitted May 2, 1922. Decided June 5, 1922.)

No. 3750.

1. **Landlord and tenant ⬿200(1½)—Payment of insurance premiums for period beyond term does not extend lease, so as to prevent increase of rent under Ball Act.**

Where the lease required the tenant to pay insurance premiums on the premises, the payment of such premiums, insuring the property for a period extending beyond the end of the term fixed by the lease, did not extend the lease, in view of Code, § 1034, providing that all estates, which by construction of the courts were estates from year to year at common law, as where a tenant for years, after the expiration of his term, continues in possession, shall be deemed estates by sufferance; but the tenant, after the expiration of the term, was merely a tenant by sufferance, and the rent commission had authority to increase the rent, under Ball Rent Act, § 106, permitting complaints, except where the tenant is in possession for a term which has not expired.

2. **Landlord and tenant ⬿200(1½)—Reasonable rent is question of fact for rent commission.**

What constitutes a reasonable rent for a building is a question of fact for the determination of the rent commission, whose decision cannot be revised by the court, except for error of law.

3. **Landlord and tenant ⬿200(1½)—Record held to show rent was properly fixed.**

The record before the rent commission, showing that the commission inspected the property, and considered, besides the reproduction cost, the original cost, the tax assessment, the design and facilities of the building, and its location with reference to the purposes for which it was used, and from those considerations determined the reasonable rental value of the premises, shows the rent was properly fixed, and not based solely on the reproduction cost of the building.

Appeal from the Rent Commission.

Proceeding by Mary I. Eliot and another against Leopold H. Forster, before the Rent Commission, to have the rent for a building increased. From an order of the Commission, increasing the rent, the tenant appeals. Affirmed.

Raymond M. Hudson, of Washington, D. C., for appellant.

Robert Watson and Thomas W. O'Brien, both of Washington, D. C., for appellees.

SMYTH, Chief Justice. Mary I. Eliot, and the Washington Loan & Trust Company, as executor and trustee under the will of Randolph L. Eliot, filed a complaint with the rent commission, in which they alleged that the rent paid by Forster for a building where he conducted a drug store on the first floor and maintained living apartments on the second and third floors, was too low, and asked that it be increased to a reasonable amount.

Forster had been in possession under a written lease for a term of three years, which ended March 31, 1921. In addition to a rental of $125 per month, he was obliged by the terms of the lease to pay the

premium for the insurance of the plate glass in the premises during the life of the lease, or any continuation or renewal thereof, and to pay for other things, such as repairs, etc. Shortly before the lease expired the Trust Company sent him a bill for $29.29, the premium for insurance on the plate glass for a period which reached beyond the term named in the lease. He paid it, and contended before the commission that his doing so had the effect of extending the lease, and therefore that the commission had no power to change the amount of his rent at the instance of the landlord. The commission held against him, and ruled, after hearing evidence and inspecting the premises, that $200 a month was a reasonable rent.

[1] We do not think the payment of the premiums extended the lease. Perhaps at common law, as indicated by the cases cited by appellant, it would have had that effect; but the matter is controlled by section 1034 of our Code, which provides that—

"all estates which by construction of the courts were estates from year to year at common law, as * * * where a tenant for years, after the expiration of his term, continues in possession and pays rent and the like, * * * shall be deemed estates by sufferance."

This section was construed in Morse v. Brainerd, 42 App. D. C. 448, and Soper v. Myers, 45 App. D. C. 286. According to it, Forster was a mere tenant at sufferance, and "was not in possession under a lease or other contract." Therefore the commission had the authority to entertain the complaint, for section 106 of the Ball Rent Act (41 Stat. 298) says that complaint may be made to it "by any owner except where the tenant is in possession under a lease or other contract, the term specified in which has not expired."

[2, 3] Appellant urges that the rent fixed is unreasonably high. What constitutes a reasonable rent was in this case a question of fact for the determination of the commission, and we are forbidden to revise its decision "except for error of law." But appellant contends that an error of law occurred, because, as charged, the commission, in determining the fair value of the property, took into consideration only its reproduction cost. The record, however, does not support him. It says that the commission inspected the property and considered, besides the reproduction cost, the original cost, the tax assessment, the design and facilities of the building, and its location with reference to the purposes for which it was used, and from these things reached the fair and reasonable value of the premises. This is in harmony with the principles announced in Smyth v. Ames, 169 U. S. 466, 477, 18 Sup. Ct. 418, 42 L. Ed. 819, and Potomac Electric Power Co. v. Public Utilities Commission (D. C.) 276 Fed. 327.

No error of law appearing, the determination of the commission is affirmed, with costs.

Affirmed.