386

**WERTH et al. v. NOLAN.**

**No. 19.**

Municipal Court of Appeals for the District of Columbia.

Jan. 29, 1943.

John L. Fowler, of Washington, D. C., for appellant.

Nicholas J. Chase, of Washington, D. C., for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

CAYTON, Associate Judge.

This was a suit for rent in the sum of $712.50 by Robert W. Werth and six others against William J. Nolan. The trial judge disallowed recovery on two grounds: (1) that the plaintiffs had no right to maintain the suit and (2) that the defendant was not personally liable but that liability rested upon M. S. Nolan, Inc., a corporation. Plaintiffs appeal and assign both rulings as error.

I. These plaintiffs had previously taken a lease from the owners of the property. The property had been occupied by the Home Loan and Savings Association, a corporation, and the rent paid by that Association from a fund supplied by the plaintiffs. Plaintiffs were directors of the Association. It was they who rented the property to Nolan (or his company). Appellants contend that the suit was properly brought in the names of the real parties in interest and that although all payments of rent found their way into the account of the Association, it was not an indispensable party to the action. We agree that this is so. The test is whether plaintiffs were the true owners of the claim.[1] We think it is clear that they were in direct privity with the defendant, that the claim belonged to them and that they had the right to maintain the suit.

II. The second ruling assigned as error is the holding below that William J. Nolan was not individually liable on the claim and that M. S. Nolan, Inc., a corporation, should have been sued. In support of appellant's view, there was testimony that one Zeutzius, one of the plaintiffs, who was also attorney or representative for them, had in the negotiations with Nolan told him the plaintiffs refused to accept the corporation as tenant and insisted that Nolan individually would have to be bound. Nolan's testimony on this point was directly contradictory and to the effect that Zeutzius told him he preferred that the lease be taken in the name of the corporation. Further, all checks for rent were drawn in

---

[1] Landram v. Jordan, 25 App.D.C. 291; Wyant v. Crittenden, 72 App.D.C. 163,    113 F.2d 170.

the name of the corporation and signed in its behalf by either M. S. Nolan or William J. Nolan.

■ Had the evidence stopped there the trial judge would have been justified in drawing the conclusion he did; for he would have been choosing between sharply contradictory evidence. But there was considerable more evidence on this point. It showed that the initial written agreement prepared in behalf of plaintiffs and under which defendant took possession reads in part, "I hereby agree to take over your leasehold" and "I will accept a written assignment or transfer of your lease" and "I will pay the full amount of rental called for by the existing lease agreement." This agreement was signed "M. S. Nolan, Inc., W. J. Nolan, Treasurer". We think that in view of the repeated use of the personal pronoun in the body of the instrument and the other evidence pointing to personal responsibility, the defendant cannot be said to have divested himself of that responsibility by affixing a corporate name at the bottom of the instrument.

The record also reveals that Nolan wrote four letters concerning the property after he took possession. They were all on the business letterhead of "Universal Finance Company". Nolan testified that said company was owned by a person other than himself. It was not a party to the suit. What his connection with that company was does not appear in the record. As far as we are here concerned, we may assume that he used its letterheads merely as a personal convenience. The fact that these letters were signed Universal Finance Company, with defendant's personal name thereunder constitutes, we think a personal act of Nolan and has a direct bearing on the question as to whether he was acting for himself alone or in behalf of M. S. Nolan, Inc. Furthermore, it appears that a few weeks after Nolan had taken possession, plaintiffs tendered to him for signature an assignment of the leasehold. It bore their signatures and ran to Nolan individually. Coming as it did in the early weeks of his tenancy, this assignment constituted a very clear reminder to defendant that he and not his corporation was re-

garded as the tenant. He might, of course, have at once repudiated the tendered assignment and put himself on record as not dealing in his own name. Instead he retained the instrument[2] and continued in possession.

■ Taking all this evidence together, we think it makes a clear case of personal liability on the part of William J. Nolan and that it was error to hold otherwise. In our view the evidence points to a personal agreement to accept an assignment of the leasehold, taking possession under that agreement, continuance in possession after tender of assignment and a course of conduct wholly inconsistent with the position of non-liability which the defendant took at the trial of the case.

■■ Another matter requires our notice. Counsel for both sides have cited in their briefs certain of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723C, as supporting their respective contentions. This is a mistaken notion. Such rules, if they governed, would not change our decision. Nevertheless, we think it proper to point out that the Federal Rules of Civil Procedure do not control the practice in the Municipal Court. It is true that Congress, by the Act of June 19, 1934,[3] authorized the Supreme Court to prescribe rules "for the district courts of the United States and for the courts of the District of Columbia". This presumably included the Municipal Court. The rules as drafted, however, were not made applicable to the Municipal Court. It is also true that in Section 5(b) of the Municipal Court Act of April 1, 1942,[4] Congress provided that:

"The Municipal Court for the District of Columbia shall have the power and is hereby directed to prescribe, by rules, the forms of process, writs, pleadings and motions, and practice and procedure in such court, to provide for the efficient administration of justice, *and the same shall conform as nearly as may be practicable to the forms, practice, and procedure now obtaining under the Federal Rules of Civil Procedure.*" (Italics supplied.)

but such rules have not yet been prescribed or adopted. Until they are adopted, the

---

[2] He claimed to have returned the assignment to plaintiffs but in this he was obviously mistaken for his counsel had it in his possession at the trial, and plaintiffs' evidence was that it had never been returned to them.

[3] Act of June 19, 1934, c. 651, Secs. 1, 2, 48 Stat. 1064, 28 U.S.C.A. §§ 723b, 723c.

[4] Public Law 512—77th Congress, 56 Stat. 190.

existing rules of the Municipal Court will prevail.

Reversed.