**NOLAN v. WERTH et al.**

No. 8483.

United States Court of Appeals
District of Columbia.

Argued March 13, 1944.

Decided April 10, 1944.

Mr. Nicholas J. Chase, of Washington, D. C., for appellant.

Mr. John L. Fowler, of Washington, D. C., for appellees.

Before GRONER, Chief Justice, and EDGERTON and ARNOLD, Associate Justices.

GRONER, C. J.

Appellees sued appellant in the Municipal Court of the District of Columbia to recover a balance due under a rent assignment contract. The issue was whether appellant, or a corporation of which he was an officer, was liable. Appellees insist that the contract bound appellant personally. A jury was waived, the case submitted to the court and a general verdict found for the defendant (appellant), and judgment was entered accordingly. On appeal to the Municipal Court of Appeals the judgment was reversed on the ground that all the evidence taken together made a clear case of personal liability on the part of appellant. Werth v. Nolan, D.C.Mun.App., 32 A.2d 386.

We took the case only for the purpose of setting at rest the question of appellate jurisdiction in the circumstances we have shown. The Act of Congress establishing the Municipal Court of Appeals provides that "If the case shall have been tried without a jury, * * * the judgment of the trial court shall not be set aside except for errors of law or unless it appears that the judgment is plainly wrong or without evidence to support it." [1]

In the instant case the evidence shows that the negotiations leading to the contract were between appellant and a representative of appellees, and the body of the contract prepared by appellees contains words which tend to indicate that appellant in making the contract was acting for himself alone. But the contract was executed by the corporation in its own name and signed by appellant as its Treasurer, and the fifteen monthly rent checks, which were paid to and accepted by appellees, were made by the corporation and drawn on its funds. There was testimony that appellees had in the negotiations refused to accept the corporation as lessee, and had insisted that the transaction should be with appellant personally, but appellant in his testimony denied that this was true. There was also testimony that subsequent to delivery of possession of the property appellees had drawn and tendered appellant a writing covering the leasehold and running to him personally; but it was also shown that appellant had never accepted or executed this paper. In short, the evidence was such that either one of two different conclusions might reasonably have been drawn from it, and in such a case we have said time and again the decision is for the trial court; that its judgment must stand and that the appellate court may not

---

[1] Act of April 1, 1942, 56 Stat. Part. I, p. 196, D.C.Code 1940, § 11–772.

reweigh the evidence or override the findings, except where it clearly appears they are manifestly wrong. In the case we have here it is enough to say, as the Supreme Court said in Lawson v. United States Mining Co., 207 U.S. 1–12, 28 S.Ct. 15, 52 L. Ed. 65, that if the testimony is not sufficient to show that the trial court's decision is necessarily right, it wholly fails to show that it is necessarily wrong, from which it follows that the appellate court was incorrect in substituting its own findings. Hearst Radio v. Good et al., 67 App.D.C. 250, 91 F.2d 555; United States v. Ingalls, 72 App.D.C. 383, 114 F.2d 839; Lawson v. United States M. Co., supra; Mc-Caughn, Collector, v. Real Estate Land Title & Trust Co., 297 U.S. 606, 56 S.Ct. 604, 80 L.Ed. 879.

Reversed and remanded for action in accordance with this opinion.

Reversed and remanded.