## WILLIAMS et al. v. JOHN F. DONOHOE & SONS, Inc.

### No. 821.

Municipal Court of Appeals for the District of Columbia.

Argued July 25, 1949.

Decided Aug. 16, 1949.

William J. Howder, Washington, D.C., for appellants.

Herman Miller, Washington, D.C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

Tenants appeal from a judgment requiring them to vacate commercial property which they were occupying under an expired lease. The lease bound the lessees to "quietly and peaceably surrender said premises * * *," at the expiration date, January 31, 1949. The tenants failing to vacate, this action for possession was filed two weeks later.

In evidence was a letter from the agent for the owners, addressed to the tenants, dated August 30, 1948, reading: "The owners of the premises you occupy at 320-322 Pennsylvania Avenue S.E. will require possession at the end of this lease. The lease is being extended as an accommodation to you. It is distinctly understood that no further extension will be granted." A copy of this letter was sent to tenants again on January 25, 1949, reminding them that the owners expected "possession of this property on January 31st as the property has been sold." It was admitted that after January 31, 1949 the tenants continued to furnish heat and hot water to tenants on the upper floors as provided in the lease, since the oil and water heaters

were in appellants' part of the premises. The bills for fuel oil were paid by the landlord.

This constituted the landlord's entire case, after which tenants moved to dismiss the complaint. The motion was overruled, and defendants stood on the motion and offered no evidence. Judgment for landlord followed.

Appellants contend that by landlord's failure to act immediately on the expiration of the lease, a tenancy at sufferance was created. Tenants point to the fact that landlord did not forcibly evict them from the premises, did not file suit for possession for two weeks after the lease expired, and that the tenants continued to furnish heat and hot water for the entire building. They argue that these circumstances created a tenancy by sufferance, entitling them to a thirty-day notice to quit. We find these contentions without merit.

The Code provides that: "When real estate is leased for a certain term no notice to quit shall be necessary, but the landlord shall be entitled to the possession, without such notice, immediately upon the expiration of the term."[1] This code provision, the plain terms of the lease, and the letter stating specifically that possession would be required at the end of the lease, all fixed the rights of the parties beyond question. There seems to be no doubt at all that appellants were not tenants at sufferance, but were continuing in possession after their lease expired, against the wishes of the lessor.[2]

Nor was the lapse of two weeks between the expiration of the lease and the filing of the suit sufficient to establish a tenancy at sufferance. The code definition provides that: "All estates which by construction of the courts were estates from year to year at common law, as * * * where a tenant for years, after expiration of his term, continues in possession and pays rent and the like, and all verbal hireings by the month * * * shall be deemed estates by sufferance."[3]

Though these tenants remained in possession for two weeks, the uncontradicted evidence was that the landlord refused their offer of rent. And providing such services as heat and hot water is by no means the same as payment of rent.[4]

The judgment of the Municipal Court was correct and is hereby

Affirmed.

[1] Code 1940, 45—901.

[2] Bell v. Westbrook, D.C.Mun.App., 50 A.2d 264.

[3] Code 1940, 45—820.

[4] Forster v. Eliot, 52 App.D.C. 107, 282 F. 735, cited by appellants is of no help to them. There the tenant argued that by paying plate-glass insurance for a period beyond his lease term he became entitled to a renewal of the lease. His contention was rejected.