**WATWOOD v. BRADFORD et al.**

No. 897.

Municipal Court of Appeals for the District of Columbia.

Argued Feb. 20, 1950.

Decided March 14, 1950.

Susie V. Watwood, Pro Se.

Jacob N. Halper, Washington, D. C., Pro Se.

Douglas A. Clark, Washington, D. C., for appellees Bradford and Cummins.

Before CAYTON, Chief Judge, and HOOD, Associate Judge, and SCOTT, Associate Judge, the Municipal Court for the District of Columbia, sitting by designation.[1]

CAYTON, Chief Judge.

Susie V. Watwood filed suit in the court below against T. Walter Bradford, a private detective, and Elmer E. Cummins and Jacob N. Halper, both attorneys. She claimed she had paid Bradford $150 to obtain a report as to what persons were using pressure or influence to cause her to be removed from positions of employment, and other information in that connection, and that he had failed to obtain or furnish such report. She charged that she had paid $100 to defendant Cummins for legal services he undertook but failed to perform. As to defendant Halper, she alleged that she had paid him $25 to secure the report from Bradford and $250 to prosecute a claim for unpaid salary against a former employer. At the trial, which plaintiff conducted in her own behalf without an attorney, she charged that defendants Bradford and Cummins were guilty of fraud and collusion in connection with the matters she had entrusted to them. Her position as to defendant Halper was that he was "guilty of collusion and/or deliberate negligence," and that "he lost the suit for salary through collusion or deliberate mishandling."

The trial, which extended over a four-day period, was stenographically reported and the transcript together with numerous exhibits is over four hundred pages in length and is included in the record before us.

The trial judge ordered a finding for all the defendants, predicating it on a written opinion filed in the case. From the judgment which followed, plaintiff has appealed. She assigns twenty-three errors, a large group of which challenge the correctness of the finding against her, and this group we shall discuss first.

As to defendant Bradford, the trial court found that he had fulfilled the terms of his employment by furnishing the report called for by his contract. With-

1. Code 1940, Supp. VII, § 11-771.

out attempting a resume of the lengthy and conflicting evidence as to plaintiff's dealings with this defendant, we rule that there was ample evidence to support this finding.

The same is true as to the claim against Cummins. The trial court found that there was no liability on his part in view of the time he had devoted to consultations with plaintiff. It also found that as to defendants Bradford and Cummins, plaintiff had failed to establish her charges of fraud and collusion. From our study of the record, we are satisfied that we would have no right to say that the judgment below was "plainly wrong or without evidence to support it." That is the standard fixed by the statute creating this court, Code 1940, Supp. VII, § 11—772(c), and that standard we must follow. We have no right to reweigh evidence or to override findings of the trial court.[2]

As to defendant Halper, the situation was somewhat more involved. Plaintiff charged him with fraud, collusion, and deliberate mishandling of her salary claim. She charged that he improperly prepared the case and mishandled the trial by failing to ask certain questions, failure to secure and produce certain evidence, and in other respects. She charged that as a result of such negligence the jury in that case rendered a verdict against her.[3]

As to Mr. Halper, the trial judge ruled that his conduct of the earlier trial was free from negligence, that plaintiff's case wholly failed to establish her claim of negligence, that his responsibility in the trial was discharged in conformity with accepted standards of care and prudence, and that plaintiff failed to support her charge of fraud and collusion by any credible evidence. We affirm this ruling because the record amply supports it.

The trial judge gave plaintiff wide leeway in establishing her case—wider indeed than was justified by the circumstances or by the rules of evidence. As the judge himself said in his memorandum, "A voluminous transcript has been achieved, which contains much irrelevant and immaterial testimony and documentary evidence." Plaintiff was permitted to introduce much verbal and documentary evidence which was far from germane to the issues. Among the witnesses called were several of the jurors who had served in the trial of her salary claim, and the judge who had presided therein. By these witnesses plaintiff attempted to prove, among much other hypothetical and irrelevant matter, that if Halper had conducted her case differently she would have won it.

She also called another judge who had at one time been secretary of the Committee on Admissions and Grievances before which committee she had lodged a complaint against Halper. And despite all that she was permitted to develop, we are clear in our view that the trial judge was entirely justified in absolving defendant Halper of the charges made against him. Certain delicate situations which we need not describe here arose during the trial, and these we think he handled with care, skill, and sound judgment. In any event, he is not to be held answerable in damages merely because he did not succeed in obtaining a favorable verdict for his client.

Other errors are assigned with reference to the exclusion of certain evidence and these we find to be without merit. As we have already observed, plaintiff was given greater latitude than was her right in the admission of evidence in support of her claim.

Appellant also charges that the findings were "collusive and fraudulent," and that the trial court erred in the "perversion of

---

2. Nolan v. Werth, 79 U.S.App.D.C. 33, 142 F.2d 9; Lindquist v. Steele, D.C.Mun. App., 42 A.2d 925; Perlman v. Chal-Bro., Inc., D.C.Mun.App., 43 A.2d 755; Little v. Dilling, D.C.Mun.App., 46 A.2d 371; Modern Engineering & Service Corporation v. McCrea, D.C.Mun.App., 46 A. 2d 767; Watts v. American Security & Trust Co., D.C.Mun.App., 47 A.2d 100.

3. Through another attorney she prosecuted an appeal from that decision to this court which resulted in an affirmance. Watwood v. Potomac Chemical Co., D.C. Mun.App., 42 A.2d 728. From our decision she filed an application for appeal in the United States Court of Appeals which was denied September 20, 1945.

evidence." It is only fair to the judge who tried this case to say that these startling charges are supported by no real argument in appellant's brief and are completely baseless. He conducted the trial with marked patience and care, and with unmistakable fairness to the four litigants whose rights he was adjudicating. The judgment must be

Affirmed.