**SPIVEY v. W. B. FLORENCE BANANA CO.**

No. 1023.

Municipal Court of Appeals for the District of Columbia.

Argued Feb. 19, 1951.

Decided March 1, 1951.

Joseph Lapiana, Jr., Washington, D.C., which whom Joseph G. Weeda, Washington, D. C., was on the brief, for appellant.

Morris Neidorf, Washington, D. C., with whom S. Gilbert Silverman, Washington, D. C., was on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

The action below was for a balance due on a shipment of fruit sold by plaintiff to defendant and also for a share of profits in a carload of bananas which plaintiff claimed the parties had agreed to handle in a joint venture. Defendant resisted both claims and also interposed a counter-claim for moneys allegedly due him by plaintiff. The trial judge found for plaintiff on both items of his claim in the sum of $1415.62, deducted therefrom $144 which was stipulated as being owed by plaintiff to defendant, and ordered judgment for plaintiff in the net sum of $1271.62.

Defendant appeals and attacks the decision on the ground that it is contrary to law as well as contrary to the evidence. But his whole argument as developed in his brief and in oral argument presents what are really issues of fact.

After hearing numerous witnesses and studying various checks, sales slips, and other papers which had been received in evidence, the trial court announced its findings in open court. The court found that plaintiff had sustained its burden of proof; that the evidence for plaintiff was "credible and of convincing force;" that the evidence for defendant was "incredible and unconvincing;" that the shipment involved in the first part of plaintiff's claim was in fact sold by plaintiff to defendant; that the carload of bananas involved in the second part of plaintiff's claim was the subject of a mutual agreement between the parties under which they were to share mutually in profits or losses on the joint venture; and that there was in fact a profit on the transaction in which plaintiff was entitled to share.

Our study of the record fully satisfies us that these findings have ample support in the evidence and that we have no right to disturb them. Nothing would be gained by attempting a summary of the evidence, which was long and involved. It is sufficient to say that we have here the familiar picture of an affirmance by one party and a denial by the other, with the evidence sharply conflicting, and with no circumstance or feature of the case from which we could possibly say that the judgment was plainly wrong or without evidence to support it. Code 1940, Supp. VII, 11–772;

Nolan v. Werth, 79 U.S.App.D.C. 33, 142 F.2d 9; Hooper v. Smith, D.C.Mun.App., 72 A.2d 466. See also Sigmond v. Kern, D.C. Mun.App., 78 A.2d 236, 238. Consequently the judgment must be

Affirmed.