Bertie L. DERRICK, Appellant,

v.

Henry SALUS and Iowa Cooperative Association, Inc., Appellees.

No. 1635.

Municipal Court of Appeals for the District of Columbia.

Argued June 1, 1955.

Decided June 24, 1955.

James T. Wright, Washington, D. C., with whom T. Douglass Davidson, Washington, D. C., was on the brief, for appellant.

A. Arvin Lynn, Washington, D. C., with whom Samuel A. Friedman, Washington, D. C., was on the brief, for appellees.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

This was a suit for double the amount of alleged rental overcharges. The action was brought under the District of Columbia Rent Act, which though it expired July 31, 1953, provided for the survival of claims of this kind. Code 1951, Supp. III, § 45–1601; Jeziorski v. Hollod, D.C.Mun. App., 106 A.2d 698. The defense was that there had never been a landlord-tenant relationship between the parties and that all payments made by plaintiff were under a contract by which she had·agreed to buy an apartment on a cooperative basis. The trial court found for defendants and plaintiff is. asking us to reverse on the grounds that the decision was contrary to the weight of the evidence and contrary to law.

We need refer only to the highlights of the evidence. Plaintiff signed a cooperative purchase agreement for an apartment (No. 4), but that apartment was not then available, and it was arranged for her to occupy another apartment (No. 61). Plaintiff said she took that apartment under a rental agreement, while the defense testimony was that she took it as a purchaser and not as a tenant. Receipts and cancelled checks indicated that plaintiff's payments were made and received as rent; but defendant Salus, who had handled the transaction, denied this and insisted that plaintiff was buying one apartment, and not buying one and renting another. It was also shown that plaintiff finally vacated the apartment after service on her of a notice to quit which referred to plaintiff's "tenancy." As to this Salus explained that he never considered plaintiff a tenant, but that desiring to obtain possession after the expiration of the Rent Act "we had to do it on that basis."

Thus we have a case in which some of the documentary evidence indicates that plaintiff was the purchaser of a cooperative apartment unit, while other documents indicate that she was on a rental basis and made her payments as a tenant. The same

conflicts appear in the verbal testimony. The result is that either one of two conflicting conclusions might reasonably have been drawn from all the evidence. The case is strikingly similar to Nolan v. Werth, 79 U.S.App.D.C. 33, 142 F.2d 9, 10, from which we quote the following language as decisive of this situation: "* * * if the testimony is not sufficient to show that the trial court's decision is necessarily right, it wholly fails to show that it is necessarily wrong * * *." The judgment must be

Affirmed.