R. R. SHEHYN, Appellant,

v.

John J. HUMPHREY and Emerson Institute, Inc., a District of Columbia Corporation, Appellees.

No. 1692.

Municipal Court of Appeals for the District of Columbia.

Argued Oct. 18, 1955.

Decided Nov. 4, 1955.

Isaac N. Groner, Washington, D. C., for appellant.

Byron N. Scott, Washington, D. C., for appellees.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

This suit was for the value of two air conditioning units allegedly sold to defendants. The defense was that there had never been a sale of the units, but that defendants had only agreed to receive the units on trial and had later demanded that plaintiff remove them. The decision of the trial court was in favor of defendants. Bringing this appeal plaintiff claims, among other things, that the trial judge erred in ruling on the weight and sufficiency of the evidence.

Plaintiff presented to the court three papers showing delivery to Emerson Institute of two air conditioning units and a metal cabinet for one of the units. Plaintiff described these as memoranda of sale. One was receipted by defendant Humphrey, one by an employee of defendants, and the third was signed by the same employee, "received above on approval."

The machines had been stored in garages, and when defendant Humphrey inspected them they were not hooked up. Plaintiff admitted that the purchase of one of the machines was contingent upon it fitting into a certain room at defendants' premises. Defendant Humphrey said that he told plaintiff he would be interested in buying the machines "if they would suit his purposes," and agreed to allow plaintiff to deliver them to see if they would work. He said no agreement was reached concerning the price or method of payment, that he never entered into a contract to buy the machines, but had merely told the plaintiff he could put them in defendants' premises "to see if they would serve." He testified that he understood the paper he signed was a receipt. He further testified that he later told plaintiff that he would take one of the machines, but had no use for the other one; that plaintiff then told him he had to buy both of them; that he instructed plaintiff to remove both machines from his premises; and that he at no time accepted either of the machines, but only received them for testing.

450

We have recited enough of the evidence to show that the basic questions before the court were factual. Considering the documentary evidence and the verbal testimony together, it is clear that it was not compelling one way or the other and that differing conclusions could properly have been drawn therefrom. Hence it cannot be said as a matter of law that the case was decided incorrectly. Nolan v. Werth, 79 U.S.App.D.C. 33, 142 F.2d 9; Derrick v. Salus, D.C.Mun.App., 114 A.2d 895.

In a separate assignment of error it is said that defendants were improperly permitted to vary the terms of the "sales memoranda" by parol testimony. But the record shows that such testimony was received without objection. It is too late to raise the objection now.

Appellant complains of a statement made by the trial judge just after the cross-examination of plaintiff was completed. In response to questions by the judge, plaintiff testified that both machines were at least ten years old and that they could not be tested in the garages where they were. Then the judge "expressed the opinion that the prices charged for these machines were much too high." Appellant says this illustrates that the judge based his decision on irrelevant and extraneous matters and on his own "subjective appraisal of the value of the goods." We agree that the statement was improper. Every judge should refrain from forming or expressing an opinion as to issues of fact until after a case has been finally submitted to him. See Gaddis v. Hongell, D.C. Mun.App., 117 A.2d 230, and cases there cited. But in the circumstances here present the remark did not constitute reversible error. The judge proceeded to hear defense testimony, and after all the evidence was completed, decided that there had been no meeting of the minds between the parties. Thus the question of fair value was not a determinative factor in the case, and the judge's remark on the subject had no real significance.

We cannot agree with appellant that the judge was delving into irrelevant and extraneous matters when he inquired about the age of the machines and whether they could have been tested in the garages. Plaintiff himself admitted that the sale of one of the machines was contingent, and defendant Humphrey said that both machines were placed in his premises "to see if they would serve." The judge's inquiries were germane to the issues and entirely proper. He had a right to seek fuller information as to the age of the machines, and as to defendants' opportunity, or lack of it, to test the machines before accepting them.

Affirmed.