Benjamin BASS, Appellant,

v.

AMERICAN SECURITY AND TRUST
COMPANY, Inc., Agent for Francis
Edward Burke, Appellee.

No. 1809.

Municipal Court of Appeals for the
District of Columbia.

Argued May 28, 1956.

Decided July 6, 1956.

Herman Miller, Washington, D. C., for appellant.

James F. Reilly, Washington, D. C., with whom Eugene B. Sullivan, Washington, D. C., was on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

By written agreement Benjamin Bass leased from appellee trust company certain commercial property in the District of Columbia for five years beginning January 5, 1951. The rental was $12,000 payable in advance in monthly installments of $200. The lease contained an option for renewal at an increased rental for an additional five years beginning January 5, 1956, if the lessee notified appellee in writing on or before November 1, 1955. Bass did not exercise the option. When he failed to vacate suit was filed January 24, 1956, for possession based on the termination of the lease and for back rent in the amount of $850 which had accrued from August 5, 1955, to January 4, 1956. Judgment by default for possession and a money judgment for the rental were entered on February 7, 1956.

On the same date, Bass delivered a blank check to the trust company. However, through error, an incorrect amount was inserted on this check and Bass was then requested to forward two checks, one to cover the judgment and the other for $200. There was testimony that the two checks were received by the trust company on February 10, 1956. The check for the larger amount was cashed but the one for $200 was never presented for payment. On February 21 a writ of restitution was issued and on February 25 Bass filed a motion to stay the writ, contending that the acceptance of the $200 check, even though it was not presented for payment, created a tenancy by sufferance and therefore he was entitled to thirty days' notice to quit.

The trust company defended, contending that it had no intention of treating Bass as a tenant; that this was evidenced by its bringing suit for possession within a reasonable time after the lease terminated; and that the check for $200 was not rent but was for use and occupancy of the premises which Bass held without right from January 4, 1956, to February 3, 1956. The trial court in denying the motion ruled that the bringing of suit for possession within a reasonable time was an election by appellee not to treat Bass as a tenant and that the passing of the check in February did not establish a landlord and tenant relationship. From this ruling Bass appeals.

■ In support of the contention that he was a tenant by sufferance, Bass argues that under all the facts he was accepted by appellee as a holdover tenant. He states that appellee never showed any disposition to require him to move at the expiration of the lease; that nothing was said to him as to why appellee wanted two separate checks; and that he should have been informed appellee intended one was to pay off the judgment and the other was for use and occupancy. In short, he argues that everything done by appellee was in recognition of his being a tenant. With this we cannot agree. Bass ignores the fact that appellee brought suit for possession on January 24, 1956, and as the trial court held, this affirmative action was a sufficient indication that appellee did not intend to treat him as a tenant. This court held in Williams v. John F. Donohoe & Sons, D.C. Mun.App., 68 A.2d 239, that the fact that the landlord did not forcibly evict his tenants from the premises at the expiration of the lease and did not file suit for possession until two weeks after the lease expired, did not create a tenancy by sufferance.

■ The question, therefore, is narrowed to whether the receipt of the check for $200 established a tenancy by sufferance.[1] There can be no question that appellee's receipt and subsequent cashing of the check for $850, which was for the accrued rent up to the terminal date of the lease, did not affect its right to judgment for possession;[2] however, with regard to the second check for $200, the trial court was presented with conflicting statements as to what each party intended by its tender and receipt. It found that the passing of the check did not establish a landlord and tenant relationship and we think it was correct in so finding. The circumstances, taken together with all the other evidence in the case, presented a question of fact as to whether appellee, by retaining the check but not presenting it for payment, intended to accept Bass as a tenant by sufferance. Unless the trial court's finding that he was not a tenant was clearly erroneous, we may not disturb it.[3]

The record contains substantial evidence tending to negate any intention to accept Bass as a tenant by sufferance. First, ap-

1. Title 45-820, D.C.Code, provides that " * * * where a tenant for years, after the expiration of his term, continues in possession and pays rent and the like * * * shall be deemed estates by sufferance."

2. Edwards v. Totten, 48 App.D.C. 416.

3. Nolan v. Werth, 79 U.S.App.D.C. 33, 142 F.2d 9.

pellee did not have to give notice but was entitled to immediate possession.[4] Secondly, it filed suit on January 24 requesting possession and accrued rent only up to the termination of the lease. Rent which would have been due and payable, if Bass had been accepted as a tenant, was not asked for. This was presumably done to avoid any indication that appellee consented to his holding over. Further, if as appellant argues, he was a tenant by sufferance when appellee accepted the alleged rent for January, why did he not tender the rent for February since, if he was a tenant, it was already overdue and payable. His own conduct, therefore, reveals that he did not consider himself a tenant by sufferance. It should be noted, too, that it was only after the succeeding month had elapsed that appellee asked for compensation for that period. It cannot seriously be maintained that Bass could use the property but that appellee could not ask for compensation for such use unless willing to create a tenancy by sufferance.

We think the facts outlined above are inconsistent with any intention to accept Bass as a tenant by sufferance and accordingly we must affirm the trial court's finding.

Affirmed.

4. Code, 1951, § 45-901; Nickles v. Sullivan, D.C.Mun.App., 97 A.2d 920; Bell v. Westbrook, D.C.Mun.App., 50 A.2d 264.